### IN THE UNITED STATES DISTRICT COURT FOR THE
### WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| 1. DOYNE "JAMES" DODD, | ) |
| Plaintiff, | ) ) ) |
| v. | )  CIV-14-494-C |
| 1. DISCOUNT TIRE CO. OF OKLAHOMA., | ) ) JURY TRIAL DEMANDED ) ATTORNEY LIEN CLAIMED |
| Defendant. | ) |

### COMPLAINT

**COMES NOW THE PLAINTIFF** and for his causes of action herein alleges:

### PARTIES

1. The Plaintiff is Doyne "James" Dodd, an adult resident of Oklahoma County, Oklahoma.

2. The Defendant is Discount Tire Co. of Oklahoma, a company doing business in Oklahoma County, Oklahoma.

### JURISDICTION AND VENUE

3. Plaintiff's claim is for race discrimination (including association discrimination) and retaliation (including demotion and termination) after Plaintiff complained of race discrimination in violation of Title VII of the Civil Rights Act, and 42 U.S.C. § 1981, and the Oklahoma Anti-Discrimination Act (OADA). Jurisdiction over the federal claims is vested in this Court under 42 U.S.C. §2000e-5(f)(1) and 28 U.S.C. § 1331. Because the state law claims arise out of the same core of facts, jurisdiction is vested over those claims under 28 U.S.C. § 1367(a).

4. All of the actions complained of occurred in Oklahoma County, Oklahoma and the Defendant may be served in that county. Oklahoma County is within the Western District of the United States District Courts for Oklahoma wherefore venue is proper in this Court under 28 U.S.C. § 1391(b).

**STATEMENT OF FACTS**

5.  Each Defendant employed more than fifteen (15) employees during at least twenty (20) weeks of each of the current and proceeding calendar years, and is a covered employer under Title VII. There is no minimum employee requirement to be subject to the OADA or 42 U.S.C. § 1981.

6.  The Plaintiff was employed by the Defendant from around August 1997 until around the last week of August 2013.

7.  During Plaintiff's employment he witnessed Duana Preskey (Assistant Vice President) make racial comments, including referring to black customers and employees as n*gger. Mr. Preskey referred to Hispanic people by derogatory terms including "bean", "beaner" and "esse". Mr. Preskey knew Plaintiff's wife was Hispanic and his son was black. Mr. Preskey appeared, based on his actions including those described herein, to look down upon the Plaintiff because of his minority family members.

8.  Around March 27, 2013 Plaintiff reported the racial comments to John Lejeune (Vice President), who was Mr. Presey's supervisor. Addtionally, Plaintiff explained that his wife was Hispanic and his son was black and that he felt offended by the racial comments.

9.  In response to Plaintiff's complaints, Mr. Lejeune stated that he had "slipped up before" by making racial comments and appeared to defend Mr. Preskey's use of the racial terms.

10. The Plaintiff also told Mr. Preskey that he did not appreciate Mr. Preskey's use of racially discriminatory terms and did not believe Mr. Preskey should use such terms when discussing customers or employees.

11. Around the end of April 2013, Mr. Preskey tried to pressure Plaintiff into rescinding his complaint. Mr. Preskey also requested that Plaintiff falsely deny that he had made

racially derogatory comments. Plaintiff refused to rescind his complaint and refused to make the false statements requested by Mr. Preskey.

12. After Plaintiff's complaints and opposition to discrimination Mr. Preskey and Mr. Lejeune began retaliating against the Plaintiff, including criticizing his work and recruiting others to criticize the Plaintiff. Additionally, Mr. Preskey began threatening the Plaintiff's job and told the Plaintiff he was looking for someone to replace him.

13. Plaintiff made repeated requests that the retaliation stop, including in August 2013. At this time Plaintiff again told his supervisors that he felt like he was still being retaliated against for his reports of racial discrimination and that he was being treated unfairly because his wife was Hispanic and his son was black and that Mr. Preskey knew this when he made the racially harassing comments around the Plaintiff.

14. Around the last week of August, 2013 the Plaintiff was demoted from Store Manager to Workflow Manager, which is a demotion in terms of pay, duties and status.

15. Plaintiff's compensation as a Workflow Manager was less than half of the compensation he earned as a Store Manager.

16. The continued harassment and retaliation against the Plaintiff made Plaintiff's working conditions intolerable such that Plaintiff was constructively discharged around September 13, 2013.

17. As a result of the demotion and termination (in the form of a constructive discharge) the Plaintiff has suffered, and continues to suffer, lost wages (including back, present and front pay along with the value of benefits associated with such wages) and emotional distress/dignitary harm including worry, frustration, anxiety and similar unpleasant emotions.

18. At the least, motivating factors in the decisions to demote and constructively discharge the Plaintiff were his opposition to, and complaints of, racially discriminatory conduct and/or his association with his wife (Hispanic) and son

(black).

19. Plaintiff has exhausted his administrative remedies by timely filing a charge of discrimination on September 9, 2013 and amending that charge around January 24, 2014. The EEOC issued Plaintiff his right to sue letter on April 29, 2014 and Plaintiff received such letter thereafter. This complaint is timely filed within ninety days of Plaintiff's receipt of his right to sue letter.

## COUNT I

For Plaintiff's first cause of action he incorporates the allegations set forth above and further provides that:

20. Discrimination on the basis of Plaintiff's association his wife, who is Hispanic, and/or his son, who is black, violates Title VII, 42 U.S.C. §1981 and the OADA.

21. Under this Count Plaintiff is entitled to compensation for his lost wages (past, present and future including the value of benefits associated with such wages), emotional distress/dignitary harm damages, attorney fees and costs. Plaintiff is entitled to liquidated damages under the OADA.

22. Because the actions of the Defendant were willful, malicious or, at the least, in reckless disregard for Plaintiff's federally protected rights such that Plaintiff is entitled to an award of punitive damages.

## COUNT II

For Plaintiff's second cause of action he incorporates the allegations set forth above and further provides that:

23. Retaliation after Plaintiff complained of racial discrimination violates Title VII, 42 U.S.C. §1981 and the OADA.

24. Under this Count Plaintiff is entitled to compensation for his lost wages (past, present and future including the value of benefits associated with such wages), emotional distress/dignitary harm damages, attorney fees and costs. Plaintiff is entitled to

liquidated damages under the OADA.

25. Because the actions of the Defendant were willful, malicious or, at the least, in reckless disregard for Plaintiff's federally protected rights such that Plaintiff is entitled to an award of punitive damages.

**WHEREFORE,** Plaintiff prays that he be granted judgment in his favor and against the Defendant on all of his claims and that this Court grant the Plaintiff all available compensatory damages, punitive damages, liquidated damages, pre- and post-judgment interest, costs, attorney's fees and any other legal or equitable relief allowed by law.

**RESPECTFULLY SUBMITTED THIS 14th DAY OF MAY, 2014**.

    HAMMONS, GOWENS & HURST

    s/ Amber L. Hurst
    Mark E. Hammons, OBA No. 3784
    Amber L. Hurst OBA No. 21231
    HAMMONS, GOWENS, HURST, & ASSOC.
    325 Dean A. McGee Avenue
    Oklahoma City, Oklahoma 73102
    Telephone:  (405) 235-6100
    Facsimile:  (405) 235-6111
    Email: Amberh@hammonslaw.com
          Mark@hammonslaw.com
    *Counsel for Plaintiff*
    JURY TRIAL DEMANDED
    ATTORNEY'S LIEN CLAIMED